# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAURA GRIENSEWIC, | Case No. 2:15-cv-02282-MMD-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| TARGET CORPORATION, | (Docket No. 19) |
| Defendant(s). | |

Pending before the Court is Defendant's motion for extension of discovery deadlines. Docket No. 19. Plaintiff failed to respond. *See* Docket. The Court finds the matter properly resolved without oral argument. *See* LR 78–1. For the reasons discussed below, Defendant's motion, Docket No. 19, is **GRANTED**.

To prevail on a request to amend a scheduling order under Federal Rule of Civil Procedure 16(b), a movant must establish good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* LR 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause to extend the discovery cutoff exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citing Advisory Committee's Notes to Federal Rule of Civil Procedure 16). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citing *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992))

Defendant submits that the parties have diligently conducted a substantial amount of discovery in this matter. Docket No. 19 at 3; *see also id.* at 4 (detailing discovery completed to date). Yet, despite having timely noticed several depositions before the close of discovery, Defendant represents that at least three deponents have advised they are unavailable for deposition until after the discovery cut-off. *Id.* at 3-4.

Accordingly, good causes exists for the requested extensions. Defendant's motion for extension of discovery deadlines, Docket No. 19, is therefore **GRANTED**. The discovery cut-off is extended to September 27, 2016; the dispositive motions deadline is extended to October 27, 2016; and the joint pretrial order is extended to November 28, 2016. If dispositive motions are filed, then the joint pretrial order deadline shall be extended to 30 days after the decision on the dispositive motions or further order of the Court.

IT IS SO ORDERED.

DATED: July 26, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge